**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WADE QUIAH,
Petitioner-Appellant,
v.
UNITED STATES OF AMERICA,
Respondent-Appellee.

Civil No. 1:20-cv-04000-PGG
Related Criminal No. 1:11-cr-00739-PGG-1
Second Circuit No. 26-2994

MEMO ENDORSED
The request for a certificate of appealability is denied.

**SO ORDERED:**
Paul G. Gardephe
**Paul G. Gardephe, U.S.D.J.**
**Dated:** Nov. 5, 2026

Pro Se Request for an Express Certificate of Appealability Ruling
Under Rule 11 of the Rules Governing Section 2255 Proceedings

Wade Quiah respectfully requests an express ruling granting or denying a certificate of appealability under 28 U.S.C. § 2253(c) and Rule 11(a) of the Rules Governing Section 2255 Proceedings. The September 27, 2026 order, entered September 28, 2026, denied § 2255 relief and appellate IFP status but did not expressly issue or deny a COA. The civil docket lists a COA application at Dkt. 33, filed October 13, 2026. To the extent that application remains undecided, this request supplements it and requests a prompt ruling.

The Notice of Appeal was filed October 13, 2026, and the Second Circuit opened Quiah v. United States of America, No. 26-2994, on October 21, 2026. Local Rule 22.1(a) requires a district-court denial before the Court of Appeals acts on a renewed COA request. Appellant therefore requests the Rule 11 determination needed for orderly processing of the pending appeal. This filing requests a

certificate determination, not alteration of the underlying judgment or adjudication of a new collateral claim.

**Issues on which a certificate is requested**

1. Whether the district court erroneously rejected the Davis due process claim as untimely under § 2255(f)(1) without applying § 2255(f)(3), the prison mailbox rule, and the amendment and relation-back principles applicable to the June 2020 submission and the original May 2020 petition.

2. Whether the plea record establishes the particular VICAR and New York assault offenses necessary to sustain the § 924(j) conviction under § 924(c)(3)(A), or whether the court impermissibly inferred alternative predicate offenses and their elements from the shooting conduct rather than identifying the offense necessarily admitted in the plea.

3. Whether the sentence-focused collateral-review waiver reaches this conviction challenge and, if so, whether enforcement is permissible in light of the asserted Davis defect, the plea-validity principles discussed below, Cook v. United States, 84 F.4th 118 (2d Cir. 2023), and the reasoning of Hunter v. United States, No. 24-1063, slip op. at 8, 11-14 (U.S. June 18, 2026). Appellant asks the Court to address the limits on extending Hunter beyond its direct-sentencing-appeal holding.

For the limitations issue, Davis was decided June 24, 2019; the first motion was filed May 21, 2020; and the additional submission was dated June 8, 2020 and

Case 1:11-cr-00739-PGG Document 58 Filed 11/02/26 Page 3 of 6

filed June 26, 2020. Section 2255(f)(3), the prison mailbox rule, Ching v. United States, 298 F.3d 174, 177-80 (2d Cir. 2002), and Mayle v. Felix, 545 U.S. 644, 664 (2005), require claim-specific consideration. Hall v. United States, 58 F.4th 55, 61-63 (2d Cir. 2023), holds Davis retroactive. Appellant does not equate the June signature date with proof of mailing or claim that timeliness alone entitles him to a COA.

As to the constitutional merits, Appellant requests certification of whether the modified categorical approach permissibly identified both VICAR assault variants and the specified New York statutes from this plea. He acknowledges Morris, 61 F.4th 311, and Delligatti v. United States, 604 U.S. 423 (2025), as substantial limitations. As to waiver, he requests consideration of the actual waiver language and whether Hunter, No. 24-1063, slip op. at 11-14, bears on enforcing it against the asserted constitutional defect, recognizing that Hunter directly addressed a sentencing appeal.

**Governing standard and pro se construction**

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), requires debatability of both the constitutional claim and any dispositive procedural ruling. Buck v. Davis, 580 U.S. 100, 115 (2017), distinguishes the certificate inquiry from full merits adjudication. Appellant seeks liberal construction under Erickson v. Pardus, 551 U.S. 89, 94

**Certificate of Service and Filing**

I, Wade Quiah, declare under penalty of perjury that on 10/24/26, I deposited the following documents in the institution's legal-mail system, with first-class postage prepaid: Request for an Express Certificate of Appealability Ruling under Rule 11.

A copy was addressed for service to:

United States Attorney
Southern District of New York, Criminal Appeals Unit
26 Federal Plaza, 37th Floor
New York, NY 10278

The original was addressed for filing to:

Clerk of Court
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

I declare under penalty of perjury that the foregoing is true and correct. Executed on 10/24/26.

Respectfully submitted,

Wade Quiah

Wade Quiah, pro se
Register No. 90728-054
USP Florence
P.O. Box 7000
Florence, CO 81226
Date: 10/24/26

Case 1:11-cr-00739-PGG Document 58 Filed 11/02/26 Page 5 of 6

(2007), and Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-77 (2d Cir. 2006).

Appellant requests that the Court issue a COA identifying the qualifying issues under § 2253(c)(3), or expressly deny a COA and enter that determination on the docket so he may renew the request in the Second Circuit. He requests service of the ruling at his address below.

Respectfully submitted,

Wade Quiah

Wade Quiah, pro se
Register No. 90728-054
USP Florence
P.O. Box 7000
Florence, CO 81226
Date: 10/24/26

Case 1:11-cr-00739-PGG Document 58 Filed 11/02/26 Page 6 of 6

Bars2bridges,
P.O. Box 212,
Mars, PA 16046

RECEIVED
OCT 30 2026

MARS POST OFFICE
OCT 27 2026

UNITED STATES OF AMERICA
FOREVER/USA

Clerk of Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007

Prose

2026 NOV -2 AM 10:45
SDNY PRO SE OFFICE
RECEIVED

100078131316